NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 30, 2020[*]
Decided March 31, 2020

Before

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 19-1794 | Appeal from the United States District Court for the Western District of Wisconsin. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | |
| KENDAL J. HARRIS, *Defendant-Appellant*. | No. 0758 3:18CR00131-001 William M. Conley, *Judge*. |

**Order**

Kendal Harris pleaded guilty to possessing a firearm, despite felony convictions that made it unlawful for him to do so. 18 U.S.C. §922(g)(1). While this case was pending on appeal, the Supreme Court held in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), that knowledge of the disqualifying felony conviction is an element of the offense defined by §922(g)(1). Harris asks us to vacate his guilty plea, because before the judge accepted

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

that plea he did not inform him that, at a trial, the prosecution would need to prove that he knew that a prior conviction made it unlawful for him to possess firearms.

Harris has not argued, however, that he was unaware of his legal disability, and such an argument would not be plausible. A disqualifying conviction is one "punishable by imprisonment for a term exceeding one year" (§922(g)(1)). Harris has at least two such convictions, and he actually served more than a year in prison for them. He does not contend that he was ignorant of the fact that being sentenced to, and serving, more than a year in prison shows that a sentence exceeding one year was authorized.

Instead Harris argues that the prosecutor must show the *absence* of prejudice, which should be presumed. This court rejected that argument in *United States v. Williams*, 946 F.3d 968 (7th Cir. 2020). *Williams* controls this appeal.

AFFIRMED